UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| MICHAEL A. FANALE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 25-12204-BEM |
| JUDGE CHRISTINE D. ANTHONY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

---

MEMORANDUM AND ORDER

MURPHY, J.

*Pro se* plaintiff Michael A. Fanale has filed a complaint, motion for leave to proceed *in forma pauperis*, motion for temporary restraining order, and motion for preliminary injunction. Dkt. 1–4. As set forth below, the Court will grant the motion for leave to proceed *in forma pauperis,* dismiss this action, and deny as moot the motions for temporary restraining order and preliminary injunction.

I.      **Plaintiff's Pleadings**

Plaintiff brings this action against three defendants: the Honorable Christine D. Anthony, who is presiding over the child custody proceeding; the Middlesex Probate and Family Court, and the Commonwealth of Massachusetts (collectively, "Defendants"). Dkt. 1. Plaintiff states that this action arises under 42 U.S.C. § 1983. *Id.* at 1. In the introduction to the complaint, Plaintiff states that he has "been unlawfully and abruptly deprived of his custodial rights and all contact with [his minor daughter] without lawful basis, in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment." *Id.* at 1–2. Plaintiff is suing Judge Anthony in her individual and official capacity. *Id.*

According to Plaintiff, "[u]ntil June 2025, [he] had regular custodial time and daily communication with [his minor daughter]." *Id.* at 2. On June 11, 2025, following his daughter's school presentation, his "contact with his daughter was abruptly and entirely severed by judicial action in the Middlesex Probate and family Court without lawful cause." *Id.* at 2–3. Plaintiff states that he has "been denied any meaningful opportunity to be heard, and motions for relief have been delayed or denied in a manner evidencing judicial bias." *Id.* at 3. Plaintiff alleges that the "[j]udicial defendants have refused to recuse themselves despite clear conflicts of interest, have obstructed the docketing and hearing of Plaintiff's emergency motions, and have permitted the continue deprivation of fundamental parental rights." *Id.*

Plaintiff asks that this Court "issue a Temporary Restraining Order restoring Plaintiff's full parental and custodial rights" or in the alternative, "order immediate daily telephone or video contact." *Id.* at 4. In addition, Plaintiff asks that this Court "issue a Preliminary Injunction maintaining such relief pending final adjudication of this matter" and "[d]eclare that Defendants' actions violated Plaintiff's rights under the United States Constitution." *Id.*

In the Motion for Temporary Restraining Order, Plaintiff asks that the Court "[p]rohibit Defendants from enforcing any orders restricting Plaintiff's custodial rights or communication with his daughter" and direct the "immediate restoration of Plaintiff's custodial rights pending further proceedings." Dkt. 3 at 2. In the Motion for Preliminary Injunction, Plaintiff asks that the Court "[i]mmediately restore Plaintiff's custodial rights and access to his daughter" and "[c]ease enforcement of any state court orders that unlawfully deprive Plaintiff of his parental rights pending resolution of this case." Dkt. 4 at 3.

## II.    Motion for Leave to Proceed *in Forma Pauperis*

Upon review of Fanale's motion for leave to proceed *in forma pauperis*, Dkt. 2, the Court GRANTS the same.

## III.  Preliminary Review

Because Fanale is proceeding *in forma pauperis*, his complaint is subject to a preliminary screening.  Under federal law, the Court may dismiss the complaint of a plaintiff proceeding *in forma pauperis* if the claims are malicious or frivolous, fail to state a claim upon which relief may be granted, or seek monetary damages from a party who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  The Court may also *sua sponte* consider relevant jurisdictional issues, including whether the exercise of its jurisdiction is appropriate when a related state proceeding is pending. *See Guillemard-Ginoria v. Contreras-Gomez*, 585 F.3d 508, 517–18 (1st Cir. 2009).  Because Fanale is not represented by an attorney, the Court construes his complaint more liberally than a pleading drafted by a lawyer.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

The Court must dismiss this action because adjudicating Plaintiff's claims would directly interfere with a pending state action.  "Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the United States Supreme] Court."  *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970).  "As early as 1793, Congress manifested its understanding and intention that the state courts be allowed to conduct state proceedings free from interference by the federal courts, when it prohibited the federal courts from issuing injunctions to stay proceedings in state court" the current version of which is at 28 U.S.C. § 2283.  *In re Justices of Superior Ct. Dep't of Mass. Trial Ct.*, 218 F.3d 11, 16 (1st Cir. 2000). "This congressional policy, subject to only a few exceptions, has remained essentially unaltered to this day, and is reflected in the federal courts' own policies."  *Id.* (citations omitted).

### A.  Anti-injunction Act

The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits the Court from providing the relief Plaintiff seeks.  This statute provides that "[a] court of the United States may not grant an

injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The statute "is a necessary concomitant of the [decision of the Framers of the Constitution] to authorize, and Congress' decision to implement, a dual system of federal and state courts." *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988)). The Anti-Injunction Act's "core message is one of respect for state courts," and it "commands that those tribunals 'shall remain free from interference by federal courts.'" *Id.* (quoting *Atl. Coast Line*, 398 U.S. at 282). Put differently, the Anti-Injunction Act "says that federal courts cannot by injunction govern the conduct of state litigation," and that "federal courts must abstain from disrupting ongoing state litigation in all the most extraordinary situations." *Mannix v. Machnik*, 244 F. App'x 37, 39 (7th Cir. 2007).

Here, Plaintiff asks this Court to order the state court to take specific actions and to prohibit Defendants from enforcing orders issued during the state court proceedings. This relief falls squarely within the judicial action prohibited by the Anti-Injunction Act. The Anti-Injunction Act prohibits such intrusion into the state court proceedings. *See, e.g., Mannix*, 244 F. App'x at 39 (holding that Anti-Injunction Act prevented federal court from issuing an injunction to govern future proceedings in custody proceedings); *Michael v. Fam. Div. of the Ct. of Common Pleas*, 2025 WL 1649917, at *3 (E.D. Pa. June 10, 2025) (holding that Anti -Injunction Act prevented federal court from vacating a bench warrant issued in a pending child support action); *Rivera v. Reichl*, 2025 WL 1439582, at *1 (M.D. Pa. May 19, 2025) (Anti-Injunction Act prevented federal court from intervening in and enjoining the state court from continuing state divorce proceedings).

### B.    The *Younger* and *Rooker-Feldman* Doctrines

Further, the *Younger* and *Rooker-Feldman* doctrines preclude this Court from exercising jurisdiction over this case. Abstention is a devise designed to facilitate the side-by-side operation

4

of federal and state courts, balancing their respective interests in the spirit of comity." *Coggeshall v. Mass. Bd. of Registration of Psychs.*, 604 F.3d 658, 664 (1st Cir. 2010).  Although "the pendency of a state-court action generally does not preclude a federal court from addressing the same subject matter," "the Supreme Court has developed a small cluster of doctrines that either require or allow federal courts to defer to state proceedings in particular circumstances." *Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 192 (1st Cir. 2015).  The *Younger* doctrine[1] has been extended to three types of state proceedings: "(i) criminal prosecutions, (ii) 'civil proceedings that are akin to criminal prosecutions,' and (iii) proceedings 'that implicate a State's interest in enforcing the orders and judgments of its courts.'"  *Id.* (quoting *Sprint Comm., Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013)).  "[M]atters of child support and child custody are important matters of state interest."  *Cimini v. Massachusetts*, 2011 WL 2119192, at *4 (D. Mass. May 25, 2011).

Under the *Rooker-Feldman* doctrine,[2] a federal district court lacks jurisdiction over a final judgment of a state court.  *See Geiger v. Foley Hoag LLP Ret. Plan*, 521 F.3d 60, 65 (1st Cir. 2008).  "Under the *Rooker-Feldman* doctrine, 'lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.'"  *Tyler v. Supreme Jud. Ct. of Mass.*, 914 F.3d 47, 50 (1st Cir. 2019) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)).  The only federal court with authority to review the rulings of state courts is the United States Supreme Court.  *Silva v. Massachusetts*, 351 F. App'x. 450, 454 (1st Cir. 2009) ("28 U.S.C. § 1257 vests the United States Supreme Court with exclusive 'jurisdiction over appeals from final state-court judgments.'" (quoting *Lance*, 546 U.S. at 463)); *see also Davison v. Gov't of P.R.-P.R. Firefighters Corps.*, 471

---

[1] In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that "principles of equity and comity demand that a federal court abstain from entertaining a suit that seeks to enjoin a state criminal prosecution as violative of federal law so long as the state proceeding affords an adequate opportunity to raise the federal defense and abstention will not cause irreparable harm."  *Sirva Relocation,* 794 F.3d at 191–92.

[2] The doctrine's name is based on two Supreme Court cases: *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

F.3d 220, 223 (1st Cir. 2006) ("[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment.").

Here, the issues raised by Plaintiff in his complaint would be precluded under one or both of these doctrines. If the state court proceedings are ongoing, this Court lacks subject matter jurisdiction under the *Younger* doctrine. If a final order has been entered in the state court proceeding, this Court lacks subject matter jurisdiction over such claims under the *Rooker-Feldman* doctrine. As such, Plaintiff's claims are barred. *See, e.g.*, *Speight v. Kaelblein*, 2025 WL 1824768, at *9 (D. Mass. May 16, 2025) ("Irrespective of the exact status of the state court proceedings, it is evident that Plaintiff's claims are barred either by the *Rooker-Feldman* or the *Younger* doctrine. One way or another, Plaintiff is either impermissibly asking the Court to review a state child support order or to interfere with an ongoing state child support action."), *reconsideration denied*, 2025 WL 1824740 (D. Mass. June 6, 2025), *report and recommendation adopted*, No. 24-cv-12363-PBS, Dkt. 113 (D. Mass. Aug. 11, 2025).

## III.    Conclusion

In accordance with the foregoing, the Court hereby orders:

1.    The motion for leave to proceed *in forma pauperis*, Dkt. 2, is GRANTED.

2.    The action is DISMISSED based on the Anti-Injunction Act and principles of abstention and/or the *Rooker-Feldman* doctrine.

3.    The remaining motions (Dkts. 3–4) are DENIED as moot.

**So Ordered.**

/s/ Brian E. Murphy
Brian E. Murphy
Dated:  August 13, 2025                    Judge, United States District Court